UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11801-GAO

LEWIS BOTELHO,
Plaintiff,

v.

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,
Defendant.


OPINION AND ORDER
September 10, 2012

O'TOOLE, D.J.

The plaintiff brings this action for breach of contract, violations of Mass. Gen. Laws Ch. 93A, and breach of the implied covenant of good faith and fair dealing arising out of the defendant's termination of his long-term disability benefits. Defendant has moved to dismiss on the grounds that the claims presented are preempted by ERISA and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Congress has specifically preempted "all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). This preemption is expansive, including "all laws, decision, rules, regulation or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1). State law "relates" to an employee benefit plan if "it has a connection with or reference to such a plan" Metro. Life Ins. Co. v. Mass., 471 U.S. 724, 739 (1985), or if "the trier of fact … would be required to consult the ERISA plan to resolve the plaintiff's claims." Harris v. Harvard Pilgrim Health Care, 208 F.3d 274, 281 (1st Cir. 2000).

The plaintiff's three claims are all based upon the defendant's decision to discontinue the plaintiff's long-term disability benefits. Count I alleges breach of contract based upon this decision, Count II alleges unfair claim settlement practices based upon the decision, and Count III alleges a violation of the implied covenant of good faith and fair dealing based upon the decision. These state law claims are all in effect claims that the defendant should not have stopped paying the plaintiff benefits under the disability policy. They obviously "relate to" the policy, and they are preempted by ERISA.

It is sometimes appropriate to permit a plaintiff to recharacterize preempted state law claims as a claim or claims under ERISA. See, e.g., Freeman v. MetLife Group, Inc., 583 F.Supp.2d 218, 224 (D. Mass. 2008). However, it is well settled in this circuit that a plaintiff seeking to assert an ERISA claim to recover benefits must first exhaust his administrative remedies. Madera v. Marsh USA, Inc., 426 F.3d 56, 61 (1st Cir. 2005). ERISA mandates that benefit plans provide employees with a review process for denied claims. 29 U.S.C. § 1133(2). Exhaustion of administrative remedies under ERISA ordinarily requires the claimant to pursue his remedies under the plan procedures, including claims and appeals, before seeking judicial review. Estate of Hale ex rel. Hale v. Prudential Ins. Co. of Am., 597 F. Supp. 2d 174, 180 (D. Mass. 2008).

In the instant case, the plaintiff has not exhausted his potential remedies available under the policy's review procedures. The letter from the defendant informing the plaintiff of the termination of payments set out those review procedures. The letter instructed the plaintiff to send a written request for review within 180 days and include any documentation that supported his claim of disability. (See Def.'s Memo in Support of Mot. to Dismiss, Ex. 2 at 4 (dkt. no. 6).) The plaintiff did not pursue review of his claim pursuant to the plan. Instead, plaintiff ignored the

review procedure and filed the instant action. Therefore, since the plaintiff did not exhaust remedies available under the policy, even a properly characterized ERISA claim would fail.

The defendant's Motion to Dismiss (dkt. no. 4) is GRANTED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge